## Swan's Admr. *v.* Vaughn et al.

**Pleading — Amended Answer — Court's Discretion.**

A defendant may set forth as many grounds of defense as he may have, and when he fails on the first defense set forth, he has a right to rely upon any other grounds which he might have, and under the liberal provisions of Section 161, Civil Code, there is no abuse of sound discretion in the court below in permitting a second or amended answer to be filed.

**New Trial — Waiver of — Exceptions to Ruling of Court.**

In order for the appellant to avail himself on appeal of errors committed in the lower court in refusing to allow counsel to comment on the answers of defendant to the jury, such errors must be embraced in a written application for a new trial at the time of making the motion. Section 372, Civil Code.

APPEAL FROM MARION CIRCUIT COURT.

June 19, 1867.

OPINION OF THE COURT BY JUDGE PETERS:

This action was brought by appellant against appellees on their written obligation to pay to appellant's intestate $1,796.86, money

borrowed for the firm of Swan & Vaughn, which firm was composed of the payee and Vaughn, one of the payors.

The first trial resulted in a judgment for appellees, which appellant by an appeal to this court reversed, whereupon the cause was remanded to the court below with directions to award a new trial and for further proceedings consistent with the opinion delivered in the case.

Upon the return of the cause to that court appellees filed another answer containing matters of defense altogether different and distinct from those set up in the original answer. After this additional answer had been filed appellant moved to strike it from the record, which motion the court overruled, and he excepted to the opinion of the court. Subsequently, appellant demurred to said answer, and to so much thereof as presented a set-off to his demand; the demurrer was sustained and overruled as to the residue thereof, and upon the issues thus made up by the pleadings the parties went to trial, and appellant having failed to recover a verdict and judgment for the amount claimed by him has again brought the case to this court.

It is insisted that the court erred in permitting the last answer, which may be regarded as an amendment to the former one, to be filed.

By subdivision 4, section 125, Civil Code, a defendant may set forth as many grounds of defense as he may have; and when it became apparent to appellee that the first defense relied upon could not be available he had a right to rely upon any other grounds which he might have, and this right was recognized by the mandate of this court in ordering a new trial to be awarded. The amendment was filed before the commencement of the trial after the return of the cause; it is not contradictory to anything contained in the original answer; seemed to be necessary in furtherance of justice, and under the liberal provision for amending pleadings of section 161, Civil Code, there was no abuse of sound discretion in the court below in permitting the second or amended answer to be filed.

The next imputed error complained of is that appellant was not permitted to read and comment upon the two answers to the jury in the argument. Whether the ruling of the court on that subject was erroneous and prejudicial to him we apprehend is not properly before us for judicial determination.

Section 372, Civil Code, provides that an application for a new trial must be made by motion *upon written grounds,* filed at the time of making the motion, etc.

The grounds upon which the application for a new trial was made in this case are in the following language:

" First. The verdict of the jury in this case is not sustained by sufficient evidence, and is contrary to law.

" Second. The jury erred in assessing the amount to recovery, the same being too small."

Giving to these reasons for a new trial the most comprehensive interpretation that the language will admit, and they cannot be construed to embrace the imputed error of the court in refusing to permit appellant's counsel to read to the jury and comment upon the two answers, and having failed to state this as a distinct ground for a new trial, the attention of the court to it in that way, it must be regarded as waived.

No error is perceived in giving or refusing instructions prejudicial to appellant and the verdict of the jury conforms to the preponderance of the evidence.

Wherefore, the judgment is affirmed.

Judge Hardin did not sit.

*Woods,* for Appellant.

*Rountree & Fogle,* for Appellees.